| iJOAN BERNARD ARMSTRONG, Chief Judge.
Plaintiff-appellant, Thomas Edward Cook, appeals a judgment in favor of his former wife, the defendant-appellee, Rosalind Blanco Cook, dismissing his claim against her pursuant to an exception of one-year liberative prescription pursuant to La.C.C. art. 3492. We reverse and remand.
The claim arises out of the loss of funds invested by the defendant, Ms. Cook, as trustee on a trust established by her ex-father-in-law in favor of the plaintiff, her ex-husband.[1]
. Essentially, Ms. Cook invested $100,000.00 of the. trust funds in what turned out to be an investment scam. There is no evidence in the record that the defendant was motivated by malice or personal aggrandizement in making this investment decision. The plaintiff claims that this was a violation of fiduciary duty subject to ten years liberative prescription under La. C.C. art. 3499, citing dela Vergne v. dela Vergne, 99-0364, p. 7 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275. The defendant counters .that^the plaintiffs claim is subject to the one-year liberative prescription period for negligence as set forth in La. C.C. art. 3492, also citing de la Vergne, supra, as well as Beckstrom v. Parnell, 97-1200 (La.App. 1 Cir. 5/15/98), 714 So.2d 188, disapproved on rehearing 97-1200 (La.App. 1 Cir. 11/6/98), 730 So.2d 942.
However, it appears that the controlling authority in this ease is La. R.S. 9:2234[2]:
A. An action for damages by a beneficiary agáinst a trustee for any act, *1063 omission, or breach of duty shall be brought within two years of the date that the trustee renders, by actual delivery or mail to the beneficiary, or if the beneficiary lacks legal capacity, the beneficiary’s legal representative, to the last known address of the beneficiary and that of the legal representative if any, an accounting for the accounting period in which the alleged act, omission, or breach of duty arising out of the matters disclosed therein occurred. However, such actions shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred. If a beneficiary is a minor when a trustee’s accounting for the accounting period in which the alleged act, omission, or breach of duty occurred is rendered, the prescriptive period of two years begins to run from the day he reaches the age of eighteen years.
B. Any action by a beneficiary against a trustee other than those described on Subsection A of this Section is prescribed by two years beginning from the date that the trustee renders his final account to the beneficiary.
C. The provisions of this Section are remedial and apply to all causes of action for damages without regard to the date when the alleged act, omission, or breach of duty occurred. The two-year and three-year periods of limitation provided for in this Section are peremptive periods within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461 may not be renounced, interrupted, or suspended. Notwithstanding the foregoing, a beneficiary shall have one year from July 9, 1999, to bring an action for damages against a trustee arising out of an act, | «¡omission, or breach of duty for a transaction disclosed in any prior accounting.
D.Notwithstanding any other provision of law, all actions brought in the state against any trustee, the prescriptive and peremptive period shall be governed exclusively by this Section. [Emphasis added throughout.]
Prior to the enactment of Acts, 1999, No. 966, § 1, effective on July 9, 1999, the prescriptive period provided by La. R.S. 9:2234 was one year, not two. In other words at the time the defendant made the trust investment complained of by the plaintiff in 1997, the prescriptive period was one year.
The prescriptive periods provided for in La. R.S. 9:2234 are triggered by an accounting by the trustee. The burden is on the defendant to show when she made an accounting to the plaintiff sufficient to trigger the commencement of the prescriptive period provided by La. R.S. 9:2234. There is no evidence of any accounting by the defendant, nor does the defendant allege that she ever rendered an accounting of any type. Therefore, the defendant’s exception of prescription should not have been granted. Accordingly, the judgment of the trial court is reversed and remanded. However, this should not preclude the defendant from offering proof of her exception in connection with the trial on the merits. Moreover, nothing in this opinion should be construed as an expression of opinion by this Court regarding the underlying merits of the plaintiffs claim.

REVERSED AND REMANDED.

. The plaintiff and defendant were already divorced at the time the plaintiff’s father appointed the defendant, the plaintiff's ex wife, to be the trustee on the trust.

. The sources of law are legislation and cus-' ■ tom. La. C.C. art. 1. However, custom may not abrogate legislation. La. C.C. art. 3.