HIGGINBOTHAM, J.
 

 | gDefendant, the trustee and co-beneficiary of his parents’ living trust, appeals a trial court judgment holding him in contempt and assessing him with a fine for failing to timely furnish an accounting to plaintiff, his sister and co-beneficiary of the trust. Defendant also appeals various reimbursements and disbursements that the trial court ordered to be paid to plaintiff from his attorney’s client trust account. For the following reasons, wé reverse in part and affirm in part.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 Vernon E. Boyd, Sr. and Dorothy Daspit Boyd (collectively referred to as the “set-tlors” or the “parents”) were married and
 
 *1172
 
 survived by two children, John Brent Boyd (the “defendant”) and Linda Grace Boyd (the “plaintiff’).
 
 [1]
 
 By an authentic act executed on April 24, 2001, the parents created a revocable trust known as The Vernon E. and Dorothy Daspit Boyd Living Trust (hereafter referred to as the “Parents’ Trust” or the “common trust”). The property conveyed by each settlor was an undivided community interest. According to defendant, the parents’ Parkwood Drive residence in Baton Rouge, which was eventually sold for approximately $104,000.00, was the only asset of the Parents’ Trust.
 
 [2]
 
 However, plaintiff maintains that the Parents’ Trust also included a Saloman Smith Barney (SSB) account consisting of approximately $75,000.00 worth of stock and mutual fund investments. The record on appeal contains a copy of the trust instrument that was introduced into evidence at the first hearing in this case, but the Istrust instrument unfortunately does not include a list or description (referred to as “Schedule A” in the trust instrument) of the trust property that had been incorporated into and attached to the original trust instrument.
 

 The Parents’ Trust was created as one trust until the death of either settlor, when it automatically divided into two trusts with each trust owning an undivided one-half interest of the assets owned by the original common trust. The term of the Parents’ Trust was the joint lifetimes of the original settlors. Vernon died on April 30, 2001; therefore, pursuant to the specific provisions in the Parents’ Trust, the original common trust automatically became two separate trusts at Vernon’s death. One trust was referred to as the first-to-die trust, the ‘Vernon E. Boyd, Sr. Trust,” which became irrevocable by the terms of Paragraph 2.04 of the Parents’ Trust. The other trust was referred to as the survivor’s trust, the “Dorothy Daspit Boyd Living Trust,” which remained revocable until Dorothy’s death, as specifically provided by the terms of Paragraph 2.04 in the Parents’ Trust.
 

 Vernon and Dorothy were the initial income beneficiaries in the common trust, but when Vernon died, Dorothy succeeded to Vernon’s original undivided income beneficiary interest. Upon Dorothy’s death on June 14, 2007, the Parents’ Trust provided in Paragraph 3.01 that plaintiff and defendant were to succeed to equal separate property interests as the seeond-ary/successor income beneficiaries. Plaintiff and defendant were also designated as the original principal beneficiaries of the Parents’ Trust, with equal interests. Additionally, the Parents’ Trust designated defendant as the original trustee, and plaintiff as the successor trustee.
 

 Thus, when Vernon died on April 30, 2001, just a few days after the Parents’ Trust was created, Dorothy became the income beneficiary for both |4Vernon’s irrevocable first-to-die trust and her own revocable survivor’s trust. As trustee, defendant expended income from both trusts to provide for Dorothy’s living expenses at home and later at the Southside Gardens Assisted Living facility, until Dorothy’s death on June 14, 2007. A dispute between plaintiff and defendant arose over the funds in the trusts and the expenditures made by defendant. Plaintiff complained that defendant provided minimal information to her after she questioned the financial affairs and status of the trusts. Plaintiff filed suit against defendant on November 8, 2007, requesting that defen
 
 *1173
 
 dant be ordered to furnish an accounting pursuant to LSA-R.S. 9:2088, covering the period from Vernon’s death on April 30, 2001, to the current date. The trial court ordered the accounting as requested. in open court on January 14, 2008, and signed the interlocutory judgment on April 1, 2008.
 
 [3]
 

 Plaintiff filed a first supplemental and amending petition on January 9, 2009, alleging that defendant had failed and refused to furnish an accounting complying with the trial court’s April 1, 2008 judgment. Plaintiff requested that the trial court hold defendant in contempt of court for breach of his fiduciary duties, that the trial court find sufficient grounds for the removal of defendant as trustee for his intentional withholding of | ¿information requested by a beneficiary, and that the trial court appoint plaintiff as the successor trustee. Plaintiff further requested that defendant be ordered to pay damages, essentially asserting that defendant had not properly accounted for and had inappropriately disbursed or disposed of trust assets without plaintiffs knowledge or consent.
 

 After three separate hearing days,
 
 [4]
 
 the trial court assigned written reasons on January 29, 2010, and signed a judgment on February 25, 2010, holding defendant in contempt of court for failing to timely furnish an accounting as previously ordered by the court. The trial court fined defendant $500.00 and ordered him to pay an additional $100.00 per day from the date of signing of the judgment for every day that he fáiled to file the appropriate accounting as ordered by the court. Additionally, the trial court ordered defendant to reimburse plaintiff $25,360.64 for inappropriate expenditures, as well as plaintiffs share of rental income. Finally, the trial court ordered defendant’s attorney to disburse one-half of the proceeds from the sale of the settlors’ residence that was previously owned by the common trust, and ordered defendant to either account for $14,000.00 in payments made by plaintiff for the purchase of the settlors’ vehicle or pay one-half of that sum to plaintiff. Defendant filed a suspensive appeal from the trial court’s February 25, 2010 judgment.
 

 ASSIGNMENTS OF ERROR
 

 On appeal, defendant raises seven assignments of error contending that the trial court legally erred in that: (1) plaintiffs action is perempted under LSA-R.S. 9:2334; (2) plaintiff had no right of action for an accounting [ (,on Dorothy’s trust until the time of her death; (3) defendant was not required to reimburse plaintiff for payments made to Dorothy; (4) no consideration was made for distributions made to plaintiff; (5) defendant was' not required to
 
 *1174
 
 account for or reimburse plaintiff for car payments when the car was not part of the trust; (6) defendant should not have been held in contempt of court or fined for failing to furnish an accounting; and (7) no consideration was made in the reimbursement amount for the trust funds expended for Dorothy’s support.
 

 STANDARD OF REVIEW
 

 It is well settled that an appellate court cannot set aside a trial court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and,(l) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.
 
 Stobart v. State, DOTD,
 
 617 So.2d 880, 882 (La.1993). If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse those findings even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Hulsey v. Sears, Roebuck & Co.,
 
 96-2704 (La.App. 1st Cir.12/29/97), 705 So.2d 1173, 1176-1177.
 

 With regard to questions of law, appellate review is simply a review of whether the trial court was legally correct or legally incorrect.
 
 In re Mashburn Marital Trust,
 
 04-1678 (La.App. 1st Cir.12/29/05), 924 So.2d 242, 246,
 
 unit denied,
 
 06-1034 (La.9/22/06), 937 So.2d 384. On legal |7issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and render judgment on the record.
 
 Id.
 
 A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court’s finding as to issues of material fact, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts
 
 de novo. Evans v. Lungrin,
 
 97-0541 (La.2/6/98), 708 So.2d 731, 735. If only one of the factual findings is tainted by the application of incorrect principles of law that are prejudicial, the appellate court’s
 
 de novo
 
 review is limited to the findings so affected.
 
 Picou v. Ferrara,
 
 483 So.2d 915, 918-920 (La.1986);
 
 Rideau v. State Farm Mut. Auto. Ins. Co.,
 
 06-0894 (La.App. 1st Cir.8/29/07), 970 So.2d 564, 571,
 
 unit denied,
 
 07-2228 (La.1/11/08), 972 So.2d 1168.
 

 LAW AND DISCUSSION
 

 Time Limitation for Actions against Trustee
 

 In defendant’s first assignment of error, he argues that plaintiffs claims were perempted under LSA-R.S. 9:2234. Thus, defendant asserts that the trial court erred in considering plaintiffs barred action for breach of duty and damages against defendant as trustee of the trusts. We find no merit to this assertion. The two-year and three-year periods of limitation provided for in the controlling statute, LSA-R.S. 9:2234,
 
 [5]
 
 are peremptive
 
 *1175
 
 |speriods that are triggered by an accounting rendered and delivered by the trustee. LSA-R.S. 9:2234 A and C. The burden is on the trustee to show when he made an accounting sufficient to trigger the commencement of the time periods provided by LSA-R.S. 9:2234.
 
 See Cook v. Cook,
 
 04-0422 (La.App. 4th Cir.11/10/04), 888 So.2d 1061, 1063. However, there is no evidence in the record of any accounting by the trustee (defendant) that would meet the requirements of the Louisiana Trust Code.
 
 [6]
 
 The trial court [ nspecifically found that defendant never rendered a sufficient accounting of any type to plaintiff or anyone else, including the surviving settlor, Dorothy, before her death. We deduce no manifest error in this finding of fact; our review of the entire record persuades us that a reasonable evidentiary basis exists for that factual determination. Therefore, we conclude that plaintiffs claims against defendant are not perempted and that the trial court did not err in considering plaintiff s action.
 

 Accounting and Contempt
 

 Defendant’s second, fifth, and sixth assignments of error revolve around the accounting previously ordered by the trial court, as well as the trial court’s finding that defendant was in contempt for failing to timely furnish the accounting as ordered. Defendant also contends that the trial court erred when it ordered that
 
 *1176
 
 plaintiffs payments for the settlors’ car were to be included as a trust.asset in the accounting. After thoroughly reviewing the record, the original trust instrument, and the Louisiana Trust Code, we conclude that the trial court legally erred when it initially ordered defendant to furnish plaintiff an accounting of the Parents’ Trust from April 30, 2001, the date of Vernon’s death, to the current date.
 

 |1nThe Parents’ Trust specifically states in Paragraph 8.04 that the trustee must render accountings to the beneficiaries as required by the Louisiana Trust Code. The Louisiana Trust Code at LSA-R.S. 9:2088 imposes a mandatory duty on the trustee to render annual accounts of the administration of the trust to the beneficiary. If the trust has both income and principal beneficiaries, as in this case, the trustee is obligated to render accounts to all. Edward E. Chase, Jr., Trusts § 14:6, at 280,
 
 in
 
 11 Louisiana Civil Law Treatise (2d ed.2009). However, section 2088 A specifically provides that “[i]f the trust is
 
 revocable,
 
 the trustee has a
 
 duty to account to the settlor only.”
 
 (Emphasis added.) The rationale for limiting the duty to account in a revocable trust presumably is that the power of revocation effectively renders the settlor the only party at interest in the trust. Chase,
 
 supra
 
 § 14:6, at 280.
 

 Our research has not revealed any reported cases that have considered a trustee’s duty to account to the settlor only when a revocable trust was involved; thus, this appeal's to be a
 
 res nova
 
 issue. Defendant asserts that since Dorothy’s survivor trust was revocable until Dorothy’s death on June 14, 2007, he had no duty to account to plaintiff and plaintiff had no right of action against defendant for an accounting.
 
 [7]
 
 Defendant also insists that Dorothy never questioned or objected to any expenditure from the trust, so he did not furnish an accounting to her as settlor.
 

 I^The trial court’s written reasons and judgment do not reflect that the trial court ever recognized that the Parents’ Trust automatically divided into two trusts at the time of Vernon’s death on April 30, 2001. Likewise, the trial court did not determine or even consider that Vernon’s first-to-die trust was irrevocable and Dorothy’s survivor’s trust was revocable. Instead, the trial court ordered an accounting to plaintiff as a beneficiary on the Parents’ Trust from the time of Vernon’s death to the current date, as if the original common trust was irrevocable at all times after Vernon’s death. We conclude this was legal error on
 
 the
 
 part of the trial court, because that conclusion ignores the clear and explicit language of the Parents’ Trust. Pursuant to Paragraph 2.05 of the Parents’ Trust, the original common trust
 
 “divides into two separate trusts
 
 ” at the earlier of Vernon and Dorothy’s deaths. (Emphasis added.) Further, the Parents’ Trust in Paragraph 2.04, clearly provides that at the death of the first-to-die settlor, the first-to-die’s trust becomes irrevocable and the survivor’s trust remains revocable until the death of the surviving spouse when it becomes irrevocable.
 

 In 2001, by Act 2001, No. 594 § 2, the legislature added the sentence at issue to section 2088 A: “if the trust is revocable, the trustee has a duty to account to the
 
 *1177
 
 settlor only.” LSA-R.S. 9:2088 A. This clear and unambiguous language reveals that defendant had a duty to account to Dorothy only, as settlor of the original common trust, regarding the accounts of the administration of the revocable survivor’s trust. Further, we find that defendant had a duty to account to both plaintiff, as a principal beneficiary, and Dorothy, as an income beneficiary, of the first-to-die irrevocable trust. Louisiana Revised Statutes 9:2088 requires a clear and accurate annual | ^accounting to all principal and income beneficiaries of irrevocable trusts.
 
 [8]
 

 See
 
 Chase,
 
 supra
 
 § 14:6, at 280.
 

 We find that plaintiff would not have a right of action against defendant for an accounting on the survivor’s trust until that trust became irrevocable at Dorothy’s death on June 14, 2007. Thus, the trial court legally erred when it ordered defendant to furnish a detailed LSA-R.S. 9:2088 accounting to plaintiff on the Parents’ Trust from Vernon’s death to the current date as if it were only one trust. Based upon our
 
 de novo
 
 interpretation of LSA-R.S. 9:2088 A and the language of the Parents’ Trust, we conclude that plaintiff was entitled to an accounting on Vernon’s first-to-die irrevocable trust from April 30, 2001, to the current date, and on Dorothy’s survivor’s trust once it became irrevocable on June 14, 2007, to the current date.
 

 We are compelled to note, however, that while plaintiff had no right of action for an annual accounting on the survivor’s trust during the time it was revocable, plaintiff did have a right to reasonably request complete and accurate
 
 information
 
 as to the nature and amount of the trust property in both the first-to-die’s trust and the survivor’s- trust, without regard for the revocability of those trusts. Louisiana Revised Statutes 9:2089 provides: “[a] trustee shall give to a beneficiary upon his request at reasonable times[,] complete and accurate information as to the nature and amount of the trust property, and permit him ... to inspect the subject matter .of the trust, and the accounts, vouchers, and other documents relating to the trust.” The trustee’s 11sduty to furnish
 
 information
 
 to the beneficiary is mandatory.
 
 Holladay v. Fidelity Nat. Bank of Baton Rouge,
 
 312 So.2d 883, 887 (La.App. 1st Cir.1975). Thus, we find no merit to defendant’s contention that since Dorothy (the settlor) never objected to his expenditures from the trusts, that plaintiff had no right to question or receive information about the trusts.
 
 [9]
 
 Section 2089 states no limitations — both income and principal beneficiaries are entitled to request and receive information from the trustee. Chase,.
 
 supra
 
 § 14:7,, at 283. Section 2089 does not dictate the form required for the information, but it would be less than what is required for the detailed annual accounting mandated by LSA-R.S. 9:2088. ;
 

 Because the trial court’s contempt ruling dealt with defendant’s failure to furnish the previously-ordered accounting, the trial court never considered whether the information supplied by defendant was a sufficient response to plain
 
 *1178
 
 tiffs request for information.
 
 [10]
 
 We conclude this was legal error on the part of the trial court. Plaintiffs original petition requested- that defendant “furnish to her information concerning the financial affairs, creditors, tax returns and expenditures of trust funds but that the defendant has furnished only minimal information concerning the- financial affairs of [t]he [Parents’] Trust.” Plaintiff also alleged that as a beneficiary of the Parents’ Trust, “defendant has an obligation to furnish to her accurate information at reasonable times as to the nature and amount of [t]he [t]rust 114property.” Thus, the issue of whether defendant had provided sufficient information pursuant to plaintiffs request was before the trial court. We find the trial court legally erred by failing to make a ruling on the information issue, and instead looking only to the accounting issue. Our review of the record reveals that the documentation supplied by defendant in response to plaintiffs request for information, while unorganized and provided in a piecemeal fashion, was sufficient to comply with plaintiffs information request under LSA-R.S. 9:2089.
 
 [11]
 
 We also note that we do not disagree with the trial court’s conclusion that the documentation provided by defendant was insufficient to constitute compliance with the detailed annual account that is required by LSA-R.S. 9:2088. And defendant’s failure to account for the trusts as required by LSA-R.S. 9:2088 is a breach of his fiduciary duty as trustee.
 
 [12]
 

 Defendant also argues that the trial court erred in holding him in contempt for his failure to timely furnish the previously-ordered accounting, and in fining him $500.00 plus an additional $100.00 per day until the appropriate accounting is filed. We find no merit to defendant’s argument. A trial court is vested with great discretion in determining whether a party should be held in contempt, and its decision will only be reversed when the appellate court discerns an abuse of that discretion.
 
 Rogers v. Dickens,
 
 060898 (La.App. 1st Cir.2/9/07), 959 So.2d 940, 945. While it is true that the [1Btrial court’s ultimate decision to hold a party in contempt of court is subject to review under the abuse of discretion standard, the trial court’s predicate factual determinations are reviewed under the manifest error standard in the case of a civil contempt.
 
 Id.
 

 A constructive civil contempt of court includes the “[w]illful disobedience of any lawful judgment, order, mandate, writ, or process of the court.” LSA-C.C.P. art. 224(2). A finding that a person willfully disobeyed a court order in violation of Article 224(2) must be based on a finding that the person violated an order of the court intentionally, knowingly, and purposefully, without justifiable excuse.
 
 Lang
 
 
 *1179
 

 v. Asten, Inc.,
 
 05-1119 (La.1/13/06), 918 So.2d 453, 454 (per curiam). As we have already concluded, our review of the record indicates that defendant complied with plaintiffs request for supplying
 
 information
 
 regarding the financial affairs and expenditures of the Parents’ Trust, but he fell short of complying with the stringent requirements of annual
 
 accountings
 
 for the trusts. Although the trial court erred in ordering defendant to account to plaintiff without considering the fact that the Parents’ Trust had divided into two trusts and that defendant did not owe an accounting to plaintiff on the survivor’s trust until Dorothy died on June 14, 2007, we find no abuse of discretion in the trial court’s finding of contempt and the resulting fine for his knowing failure to provide the ordered accounting for Vernon’s first-to-die irrevocable trust as required by statute.
 

 Defendant also asserts one final error with regard to the court-ordered accounting for $14,000.00 in payments made by plaintiff for the purchase of her parents’ vehicle. Defendant argues that as trustee, he is only obligated to account for trust assets, and the car was not a trust asset. Plaintiff testified |1fithat the Parents’ Trust owned the car and that she made payments to the Parents’ Trust in the amount of $500.00 per month from 2001 to 2003. Our review of the record does not reveal any written documentation that the car was ever donated or added as property to the existing Parents’ Trust.
 
 [13]
 
 And if it was added, there is no evidence that defendant, as trustee, ever accepted the car as additional trust property, as required by LSA-R.S. 9:1932 and 1935.
 

 Furthermore, LSA-R.S. 9:2085 A directs that an “individual trustee shall not directly or indirectly buy or sell property for 4he trust from or to himself or his relative, ... unless the trust instrument provides otherwise, or unless specifically authorized by a court of competent jurisdiction, after a contradictory hearing.”
 
 [14]
 
 Given the lack of evidence of the settlors’ donation of the car as additional trust property and the prohibition of sales of trust property to relatives of the trustee, we find that the trial court legally erred when it included the car payments of $14,000.00 in the ordered accounting. That portion of the trial court judgment must be reversed.
 

 Trust Reimbursements and Distributions
 

 In defendant’s third, fourth, and seventh assignments of error, he claims the trial court erred in calculating the reimbursements due plaintiff by failing to take into consideration that Dorothy’s living expenses exceeded the income and principal of the trust and that defendant had authority to invade the-principal for the benefit of Dorothy during her lifetime. [ 17Pefendant also argues that previous distributions made to plaintiff should have been considered in the reimbursement calculations.
 

 The trial court was faced with the extremely difficult task of determining the assets and disbursements of the Parents’ Trust without the benefit of annual ac-countings. The Parents’ Trust, in Paragraph 5.01, provided that when the trusts terminate after the close of the trust accounting year in which the surviving
 
 *1180
 
 spouse’s death occurs, the trustee “must distribute to the principal beneficiary of such trust his or her interest in trust property ... as reflected by the [tjrustee’s books .of account as of the expiration of that accounting year.” Therefore, at the end of 2007 (the year that Dorothy died), the amount that would have been reflected in a proper accounting of the trust property is what should have been, used in calculating the distributions or divisions of the remaining trust property, if any, to plaintiff and defendant. Any distributions for Dorothy’s maintenance and support expenses that were made from the accumulated income and principal of the trust during the six years after Vernon died, were specifically authorized by Article VII of the original trust instrument and should have been considered if properly accounted for. Paragraphs 7.01 and 7.02 of the Parents’ Trust gave the trustee the sole discretion to make income distributions and invade the principal for the benefit of Dorothy. The Parents’ Trust, in Paragraph 8.03, also allowed the trustee to receive reasonable compensation for his services and to recover reasonable expenses and costs.
 

 At the trial on the merits, the trial court heard conflicting testimony about the costs associated with Dorothy’s support and maintenance prior to her death in 2007, as well as compensation for defendant’s services as |1strustee. Additionally, the trial court heard conflicting testimony about some trust expenditures made by defendant for his own personal benefit. It is apparent from the record that the trial court carefully weighed the evidence and considered a large volume of disorganized documentation before concluding that there had been a total of $47,021.30 in inappropriate expenditures from the trust property. The trial court also determined that plaintiff was entitled to $1,850.00 in rental income that defendant had determined to be plaintiffs share. Thus, the trial court found that plaintiff was entitled to a total reimbursement from defendant in the amount of $25,360.64, which represented plaintiffs one-half interest.
 
 [15]
 

 After a thorough review’ of the evidence and testimony in its entirety, we find that a reasonable factual basis exists for the trial court’s factual findings. Thus, we find no manifest error in these determinations or in the trial court’s order requiring that plaintiffs reimbursement be disbursed from defendant attorney’s client trust account. Likewise, we find no manifest error in the trial court’s determination that plaintiff was entitled to $52,231.81 for her one-half interest in the net proceeds from the sale of the settlors’ residence, to be disbursed from defendant attorney’s client trust account. Therefore, in the absence of manifest error on such findings of fact, we must affirm the trial court’s judgment awarding these specific reimbursements and distributions to plaintiff.
 
 See Curtis v. Breaux,
 
 458 So.2d 582, 588 (La. App. 3d Cm.1984).
 

 ^CONCLUSION
 

 For the reasons set forth, the judgment of the trial court is reversed in part and affirmed in part. We hereby reverse the portion of the trial court’s judgment ordering defendant to account for the $14,000.00 paid by plaintiff for her parents’ car. We affirm that portion of the trial court’s judgment finding defendant' in contempt of court for his failure to timely furnish an accounting in accordance with LSA-R.S. 9:2088. We also affirm the remainder of the trial court’s judgment ordering that plaintiff be reimbursed a total of
 
 *1181
 
 $25,360.64 for defendant’s inappropriate expenditures and for plaintiffs share of rental income, as well as the trial court’s order that $52,231.81 be disbursed from defendant attorney’s client trust account for plaintiffs one-half share of the net proceeds from the sale of the settlors’ residence that was owned by the trusts. All costs of this appeal are assessed equally to plaintiff and defendant.
 

 REVERSED IN PART; AFFIRMED IN PART.
 

 [1]
 

 . A third child, Vernon E. Boyd, Jr., predeceased his parents and had no descendants.
 

 [2]
 

 . The parties stipulated that the net proceeds from the sale of the house were deposited into defendant's attorney's client trust account.
 

 [3]
 

 . A judgment that does not determine the merits but only preliminary matters is an interlocutory judgment. LSA-C.C.P. art. 1841. We note that defendant did not appeal or seek supervisory review of this interlocutory ruling. Although interlocutory judgments are generally non-appealable, this court has held that in appropriate cases, when an unrestricted appeal is taken from a final judgment on the merits, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment.
 
 Dean v. Griffin Crane & Steel, Inc.,
 
 05-1226 (La.App. 1st Cir.5/5/06), 935 So.2d 186, 189 n. 3,
 
 writ denied,
 
 06-1334 (La.9/22/06), 937 So.2d 387.
 
 See also Suazo
 
 v.
 
 Suazo,
 
 10-0111 (La.App. 1st Cir.6/11/10), 39 So.3d 830, 832. The issue of contempt in the final judgment on the merits is closely related and connected to the accounting issue, which was the subject of the interlocutory ruling. Therefore, it is clearly appropriate, as well as necessary for us to review in this appeal the trial court’s initial interlocutory ruling where defendant was ordered to furnish an accounting.
 

 [4]
 

 . Testimony was heard on March 2, 2009, and June 1, 2009, with closing arguments made on September 21, 2009.
 

 [5]
 

 . Louisiana Revised Statutes 9:2234 provides in pertinent part:
 

 A. An action for damages by a beneficiary against a trustee for any act, omission, or breach of duty shall be brought within two years of the date that the trustee renders, by actual delivery or mail to the beneficiary, ... an accounting for the accounting period
 
 *1175
 
 in which the alleged act, omission, or breach of duty arising out of the matters disclosed therein occurred. However, such actions shall in all events ..., be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred....
 

 B. Any action by a beneficiary against a trustee other than those described on Subsection A of this Section is prescribed by two years beginning from the date that the trustee renders his final account to the beneficiary.
 

 C. The provisions of this Section are remedial and apply to all causes of action for damages without regard to the date when the alleged act, omission, or breach of duty occurred. The two-year and three-year periods of limitation provided for in this Section are peremptive periods ... and ... may not be renounced, interrupted, or suspended.
 

 D. Notwithstanding any other provision of law, all actions brought in the state against any trustee, the prescriptive and peremptive period shall be governed exclusively by this Section.
 

 (Emphasis added.)
 

 [6]
 

 . Louisiana Revised Statutes 9:2088 governs the accounting duties of the trustee, providing as follows:
 

 A.A trustee is under a duty to a beneficiary to keep and render clear and accurate accounts of the administration of the trust. If the trust is revocable, the trustee has a duty to account to the settlor only.
 

 B. A trustee shall render to,a beneficiary or his legal representative at least once a year a clear and accurate account covering his administration for the preceding year. His first annual account shall relate to the calendar year during which he became responsible for the trust property, or, at his option, the first accounting period of not more than twelve months and shall be rendered within ninety days after the expiration of that calendar year or accounting period. Each annual account shall show in detail all receipts and disbursements of cash and all receipts and deliveries of other trust property during the year, and shall set forth a list of all items of trust property at the end of the year.
 

 C. A trustee upon the termination, revocation, or rescission of the trust, or upon his resignation or removal, shall render to a beneficiary or his legal representative his final account covering the period elapséd since his most recent annual account ..., and setting forth the same information required for annual accounts.
 

 [[Image here]]
 

 E.A trustee shall not be under a duty, to file his accounts with the court unless he is expressly required to do so by the instrument or by the proper court.
 

 (Emphasis added.)
 

 [7]
 

 . We note that defendant did not file a peremptory exception raising the objection of no right of action in the trial court. However, an appellate court may notice the existence or nonexistence of a right of action on its own motion. LSA-C.C.P. art. 927. Therefore, we will consider the issue. Whether plaintiff has a right of action is a question of law, which we review
 
 de novo
 
 on appeal.
 
 Five N Company, L.L.C. v. Stewart,
 
 02-0181 (La.App. 1st Cir.7/2/03), 850 So.2d 51, 58. We must determine whether plaintiff has an interest in judicially enforcing the right assessed.
 
 Id.
 

 [8]
 

 . The record does not reveal that Dorothy ever requested an accounting on either trust pursuant to LSA-R.S. 9:2088, but regardless of any request, the annual accounting was still a mandatory duty owed by defendant as the trustee of the trusts.
 
 See Mashburn Marital Trust,
 
 924 So.2d at 246-247.
 

 [9]
 

 . Louisiana Revised Statutes 9:2089 does not authorize the settlor to dispense with the trustee's duty to furnish information requested by a beneficiary. Chase,
 
 supra
 
 § 14:7, at 285.
 

 [10]
 

 . The record contains copies of cancelled checks, copies of bank account statements for trust checking accounts, a copy of a mortgage indebtedness on the settlors' Parkwood Drive residence by the Parents’ Trust, and copies of activity/balance statements for the SSB accounts.
 

 [11]
 

 . We make this determination based upon the fact that the trial court found sufficient information in the documentation to provide a ruling on the final disbursements and reimbursements of the trust property.
 

 [12]
 

 .The trial court apparently did not find defendant's breach of duty to be sufficient cause to remove defendant as trustee under LSA-R.S. 9:1789, because the trial court's judgment is silent as to the trustee removal issue. It is well settled that silence in a judgment as to any issue litigated is construed as a rejection of that issue.
 
 Junot v. Morgan,
 
 01-0237 (La.App. 1st Cir.2/20/02), 818 So.2d 152, 156. The denial of plaintiffs request to have defendant removed as trustee is not at issue in this appeal.
 

 [13]
 

 . Paragraph 1.01 of the Parents’ Trust instrument allowed for property to be added by the settlors or third persons. The Louisiana Trust Code section 1932 states that an "addition of property to an existing trust must be made and accepted in the form required for such a donation free of trust.”
 

 [14]
 

 . "Relative” for purposes of LSA-R.S. 9:2085 means "a spouse, ascendant, descendant, brother, or sister.” Chase,
 
 supra
 
 § 14:3, at 270.
 

 [15]
 

 . Paragraphs 3.01 and 3.02 of the Parents' Trust provide that plaintiff and defendant are equal successor income beneficiaries and equal principal beneficiaries.