**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CU 1473R C/W 2019 CU 1514R

LESLIE NELSON PARKER

VERSUS

BRITTANI LEEANN FINCH

Judgment Rendered:___**JUN 0 3 2021**___

********

Appealed from the Family Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. F206930 c/w F215728

The Honorable Hunter Greene, Judge Presiding

********

Dennis S. Fitzgerald
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Leslie Nelson Parker

Brittani Leeann Finch
Plaquemine, LA

Defendant/Appellee
In Proper Person

Paula Antonia Gordon
Baton Rouge, LA

Intervenor/Appellant
In Proper Person

********

BEFORE: PENZATO, LANIER and HESTER, JJ.

**LANIER, J.**

Intervenor-appellant, Paula Antonia Gordon, appeals the judgment of the Family Court in and for the Parish of East Baton Rouge that sustained the exceptions raising the objections of improper cumulation of actions and no right of action filed by the plaintiff-appellee, Leslie Nelson Parker, and which sanctioned Ms. Gordon for contempt of court and awarded attorney's fees and costs to Mr. Parker. For the following reasons, we reverse in part, amend and affirm in part as amended, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Mr. Parker was involved in an extra-marital sexual relationship with Brittani Leeann Finch, of which one child, REP, was born on May 12, 2014.[1] Eventually, the relationship between Mr. Parker and Ms. Finch deteriorated, and Mr. Parker filed a petition to judicially establish filiation and child custody on November 4, 2016 (Suit No. 206930). In the petition, Mr. Parker stated he did not expect Ms. Finch to contest his paternity; however, should his paternity be contested by her, he requested the court to order a DNA paternity test at Ms. Finch's cost. The matter was assigned for hearing on December 13, 2016, but was passed without date.

Shortly after filing the original petition, Mr. Parker reconciled with Ms. Finch and resumed living together with her and their child. Due to the renewed relationship, no action was taken on the petition. Then, in the spring of 2018, he and Ms. Finch separated once again. Ms. Finch moved in with her mother, Ms. Gordon, and the parents allegedly shared amicable custody of REP, with REP residing with Ms. Finch and Ms. Gordon.

In October of 2018, Ms. Finch and Ms. Gordon allegedly had a falling out, and Ms. Finch left Ms. Gordon's home, taking REP with her. This apparently led to Ms. Gordon substantially interfering with the custody of REP shared by Mr.

---

[1] The child will be referenced by initials for the sake of anonymity.

2

Parker and Ms. Finch, leading Ms. Finch to file a petition for protection from abuse against Ms. Gordon (Suit No. 215728). A hearing on Ms. Finch's protection from abuse was set for December 5, 2018.

On that date, Ms. Gordon, representing herself, filed a petition to establish custody and ex parte provisional/temporary custody against Ms. Finch in Suit No. 215728, alleging that Ms. Finch was a danger to REP due to her "drug use, instability, and leaving REP in a very abusive, terrifying home from which [Ms. Finch] herself fled." Ms. Gordon further claimed that Ms. Finch "is allowing the minor child to be used as a hostage and weapon to perpetrate control and extract revenge upon others." Ms. Gordon additionally claimed that Mr. Parker had violently removed REP from her vehicle on November 18, 2018. Ms. Gordon requested sole custody of REP with visitation awarded to Ms. Finch, subject to Ms. Finch's completion of drug rehabilitation and parenting classes. Service against Ms. Finch was not made because she was expected to be in court as petitioner on her petition from abuse and requested that her address remain confidential.

Following an ex parte hearing on December 5, 2018, the family court signed an order granting Ms. Gordon ex parte custody of REP, with supervised visitation to Ms. Finch only. The family court further ordered that Ms. Gordon could act as the supervisor, or in the alternative, visitation could take place at Family Services of Baton Rouge. Ms. Finch was also required to take a drug test at the Nineteenth Judicial District Court upon being served with the order. The family court consolidated this matter with Mr. Parker's petition to judicially establish filiation and child custody. Mr. Parker alleged that neither he nor Ms. Finch were present to defend against Ms. Gordon's petition to establish custody. Ms. Gordon

subsequently dismissed her petition on January 8, 2019, and the temporary custody order expired by operation of law.[2]

On February 4, 2019, Mr. Parker filed an amended petition to establish filiation and motion to establish child custody, alleging all the aforementioned facts and requesting that he be declared the biological father of REP, with attorney fees awarded to him. On March 12, 2019, Ms. Gordon filed a petition to intervene in Suit No. 206930, in which she cited "substantial looming threats" to REP, should either or both parents be awarded custody. In contrast, Ms. Gordon alleged that REP had "flourished in the sanctuary, security and stability" of her "love, care, and home." She further alleged that she had assumed all the parental roles for which REP's parents should have been responsible. She stated in the petition that she was united with Ms. Finch against Mr. Parker, although Ms. Finch provided no written verification of this claim. Ms. Gordon alleged criminal activity, drug use, and financial instability on the part of Mr. Parker. She also alleged that Mr. Parker had taken pornographic pictures of REP and Ms. Finch, and transmitted those pictures to unknown parties without Ms. Finch's consent.

Mr. Parker was served with the petition to intervene on March 12, 2019, while in open court, during the hearing on his petition to judicially establish paternity and child custody. The family court noted that the petition to intervene did not contain an order or a rule to set a hearing. Thus, the family court did not address the petition on that day.[3] At the hearing, Mr. Parker presented to the family court a certified copy of REP's birth certificate, on which he is named the father, but he did not submit the certificate to be filed as evidence. After a recess, Mr. Parker and Ms. Finch returned with a written stipulation signed by both parents in which Ms. Finch attested that Mr. Parker was the father of REP. The

---

[2] This is the only instance in the record where Ms. Gordon is represented by counsel.

[3] The family court also refused to address the petition to intervene because Mr. Parker had been served with it on that same day.

4

family court signed a stipulated judgment on March 18, 2019, judicially establishing Mr. Parker as REP's father and awarding joint custody to the parents with Mr. Parker as the domiciliary parent.

Three days after filing the petition to intervene, Ms. Gordon filed a notice of intent to seek a supervisory writ with this court on March 15, 2019, in which she claimed the family court refused to consider her petition to intervene. This court granted the writ on April 16, 2019, and ordered the family court to set a hearing on the petition to intervene. See Parker v. Finch, 2019-0465 (La. App. 1 Cir. 4/16/19). Ms. Gordon subsequently filed an amended and supplemental petition to intervene, annul judgment, and restore custody on June 12, 2019. An order with respect to the amended petition to intervene was also filed, and on June 14, 2019, the family court set the amended petition to intervene for a hearing on July 9, 2019.

On March 22, 2019, the parents filed a joint motion for ex parte issuance of a civil warrant for the return of their child, in which they alleged that on March 15, 2019, Ms. Gordon checked REP out of school without the permission of either parent, absconded with REP, and refused to return REP to the parents. The family court ordered that a civil warrant be issued to law enforcement for the purpose of locating REP and returning the child to the physical custody of the parents. In a motion and rule to show cause filed by Mr. Parker on June 28, 2019, he alleged that Ms. Gordon had absconded with REP from March 15 to March 28, 2019, when the FBI located Ms. Gordon and returned REP to the parents' custody. Mr. Parker requested in the motion and rule that Ms. Gordon be found in contempt of court for intentionally interfering with his custody of REP, and that he be awarded attorney's fees and costs.

On July 8, 2019, Mr. Parker filed dilatory exceptions raising the objections of vagueness, the unauthorized use of summary proceedings, and improper cumulation of actions in response to Ms. Gordon's amended and supplemental

petition to intervene. He also filed a peremptory exception raising the objection of no right of action. Mr. Parker alleged that the amended petition to intervene was vague and ambiguous to the point where it would be too difficult to "ferret-out" all possible causes of action to defend. He further alleged that the relief sought by Ms. Gordon called for a combination of summary and ordinary proceedings that were improperly cumulated in the same action. Lastly, Mr. Parker claimed that Ms. Gordon, as a grandparent, was not entitled to the relief sought in her amended petition to intervene.

Following a hearing on the exceptions and rule for contempt, the family court signed a judgment on August 27, 2019, overruling the dilatory exception raising the objection of vagueness and ambiguity, and granting the remaining exceptions. Further, Ms. Gordon was found in contempt of court for intentionally interfering with Mr. Parker's right to visitation. Mr. Parker was awarded $3,793.55 in attorney's fees and court costs associated with the matter, and Ms. Gordon was sentenced to sixty (60) days in East Baton Rouge Parish Prison, but could purge herself of the contempt of court finding if she paid the monetary award to Mr. Parker.[4] Ms. Gordon then filed the instant appeal.[5]

On May 14, 2020, this court dismissed Ms. Gordon's appeal, citing a lack of subject matter jurisdiction due to insufficient decretal language in the appealed judgment.[6] See _Parker v. Finch_, 2019-1473 c/w 2019-1514 (La. App. 1 Cir. 5/14/20), ___ So.3d ___. We denied rehearing in this matter, and Ms. Gordon applied for a writ of certiorari to the Louisiana Supreme Court. On September 23,

---

[4] The family court also denied Mr. Parker's request for Ms. Gordon to furnish a bond, since it was determined that she had no right to visitation with REP.

[5] Ms. Gordon initially filed a supervisory writ with this court challenging the family court's judgment and requesting a stay of its execution. We denied the stay and granted the writ insofar as finding that the ruling on contempt was a final, appealable judgment, and remanded the matter to the family court with the instruction to grant Ms. Gordon an appeal. See _Parker v. Finch_, 2019-1076 (La. App. 1 Cir. 8/23/19), ___ So.3d ___.

[6] We found that the judgment only sustained a few of the exceptions filed by Mr. Parker, but did not dismiss any claims or demands.

6

2020, the supreme court in a *per curiam* opinion granted the writ, remanding the case to this court "in the interest of justice," directing this court to convert the appeal to an application for supervisory writs and to consider the application on the merits. *Parker v. Finch*, 2020-0987 (La. 9/23/20), ___ So.3d ___.

## ASSIGNMENTS OF ERROR

Ms. Gordon has made no specific assignments of error, but instead asks this court to take notice *sua sponte* of any errors of law "for the benefit of [REP]." A court of appeal has appellate jurisdiction of all matters appealed from a family court. La. Const. art. V, §10(A)(2). What is on appeal before us is the family court's judgment of August 27, 2019, which was adverse to Ms. Gordon in that it sustained several exceptions in favor of Mr. Parker, awarded attorney's fees and costs to Mr. Parker, and found Ms. Gordon in contempt of court.

## DISCUSSION

### *No Right of Action*

The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. La. C.C.P. art. 927(A)(6). Simply stated, the objection of no right of action tests whether this particular plaintiff, as a matter of law, has an interest in the claim sued on. *Hill v. Jindal*, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1000, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *Id.* To prevail on an objection of no right of action, the defendant must show the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Whether a plaintiff has a right of action is ultimately a question of law; therefore, it is reviewed *de novo* on appeal. *Id.*

7

In raising the objection of no right of action, Mr. Parker avers that Ms. Gordon cannot seek to annul the March 18, 2019 stipulated judgment based on duress, fraud, and ill practices. Mr. Parker argues that only Ms. Finch, who is REP's mother and a named party in the judgment, has the right to bring such an action on her own behalf. The stipulated judgment determines the paternity of Mr. Parker and establishes joint custody between the parents. Ms. Gordon is not mentioned in the judgment.

The jurisprudence has established the following criteria for an action in nullity: (1) the circumstances under which the judgment was rendered show the deprivation of legal rights of the *litigant* seeking relief, and (2) the enforcement of the judgment would be unconscionable and inequitable. *Wright v. Louisiana Power & Light*, 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1067. The record shows that Ms. Gordon has not produced any evidence that the stipulated judgment has deprived her of her own rights; rather, it appears as though Ms. Gordon seeks to annul the judgment in the place of her daughter, who would have a legal right to challenge the validity of the stipulated judgment, but has not done so.

However, Ms. Gordon also alleges in her amended petition to intervene that there are "specific and substantial looming threats" to REP should the child remain in the custody of the parents, and for that reason Ms. Gordon seeks sole custody. Under La. C.C. art. 133, custody shall be awarded to a person other than the child's parent if an award of custody to either parent would result in substantial harm to the child, and the court shall award custody to that other person with whom the child has been living in a wholesome and stable environment. See *Blackledge v. Blackledge*, 94-1568 (La. App. 1 Cir. 3/3/95), 652 So.2d 593, 595-97. Ms. Gordon's allegations mirror the language in La. C.C. art. 133.

Where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of a no right of action, which

8

attacks only one theory of recovery and which does not dismiss a party, would be invalid as an impermissible partial judgment. *State, by and through Caldwell v. Astra Zeneca AB*, 2016-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 43, writs denied, 2018-0766, 2018-0758 (La. 9/21/18), 252 So.3d 899, 252 So.3d 904. While Ms. Gordon has not established a right to annul the stipulated judgment between the parents, she does have a right of action under La. C.C. art. 133 and has an interest in judicially enforcing that right. The family court was therefore incorrect in sustaining the exception raising the objection of no right of action, and we now reverse that portion of the judgment.

### Unauthorized Use of Summary Proceeding and Improper Cumulation of Actions

Louisiana Code of Civil Procedure article 926(A)(3) provides for the dilatory exception of unauthorized use of a summary proceeding. This exception is only designed to test whether an action should proceed in a summary manner rather than by ordinary proceeding. *Hatcher v. Rouse*, 2016-0666 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 433, writ denied, 2017-0427 (La. 4/24/17), 221 So.3d 66.

An action to annul a judgment obtained by fraud or ill practices is an ordinary action. *Succession of Simmons*, 527 So.2d 323, 326 (La. App. 4 Cir. 1988), writ denied, 529 So.2d 12 (La. 1988). A rule for provisional custody, such as what was granted to Ms. Gordon on December 5, 2018, is a summary proceeding which obliges the respondent to "show" cause and does not require an answer. La. C.C.P. art. 2592(8); *Chuter v. Hollensworth*, 2008-0224 (La. App. 1 Cir. 5/2/08), 2008 WL 2065063, *2 (unpublished opinion); *Brooks v. Brooks*, 469 So.2d 378, 380 (La. App. 2 Cir. 1985).

Ms. Gordon's prayer for relief asks the court to declare null both the written stipulation of March 12, 2019, and the stipulated judgment of March 18, 2019, "and restore the parties to the situation that existed before the contract was made;

thereby granting [Ms. Gordon] sole custody, *ex parte*, of [REP]."[7] Ms. Gordon is essentially asking the family court to annul the stipulated judgment and grant her sole custody of REP in the same action. Ms. Gordon has improperly cumulated an ordinary and a summary proceeding into the same action, and the dilatory exception raising the objection of improper cumulation of actions must be sustained; however, the dilatory exception merely retards the progress of the action, but does not tend to defeat the action. La. C.C.P. art. 923.

Louisiana Code of Civil Procedure art. 933(B) provides:

> When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.

The family court should have ordered Ms. Gordon to amend her petition to cure its deficiencies. We therefore amend this portion of the family court's judgment to give Ms. Gordon 30 days in order to amend her petition to intervene for the purpose of curing its deficiencies regarding the cumulation of actions, and affirm as amended.

*Contempt of Court*

On March 12, 2019, the family court orally instructed Ms. Gordon as follows:

THE COURT: "I will instruct you... or let you know, that your interference in [the parents' custody agreement] without having court approval is not going to be looked on lightly.

MS. GORDON: I will not interfere.
(1473 R. 265)

Ms. Gordon was present in court that day to file her petition to intervene and serve the petition on Mr. Parker. Although the family court did not hear the

---

[7] While we have determined previously herein that Ms. Gordon has no right to maintain the nullity action, as we are unable to grant a partial no right of action, the claim remains pending herein.

petition to intervene on that day, it verbally made Ms. Gordon aware of the parents' custody agreement and told her not to interfere with it. Ms. Gordon acknowledged this order of the family court.

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.C.P. art. 221. There are two kinds of contempt of court: direct and constructive. *Id.* The willful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. La. C.C.P. art. 224(2). Willful disobedience of a court order requires a consciousness of the duty to obey the order and an intent to disregard that duty. *Billiot v. Billiot*, 2001-1298 (La. 1/25/02), 805 So.2d 1170, 1174. A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law. La. C.C.P. art. 227.

We find that Ms. Gordon was conscious of her duty to obey the family court because the family court addressed her directly, and she acknowledged her duty to obey the family court's order. At the July 30, 2019 hearing, Ms. Gordon admitted that on March 15, 2019, after the stipulated judgment became effective, police approached Ms. Gordon at her employer's home to ask her to surrender REP, but she purposely refused to relinquish physical custody. The family court found that "only two days after Mr. Parker and Ms. Finch entered into the [stipulated judgment,] Ms. Gordon absconded with [REP] with the intent to deprive Mr. Parker of his custodial time."

The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in La. R.S. 13:4611[8] and La.C.C.P. art. 227. The

---

[8] Louisiana Revised Statutes 13:4611 states, in pertinent part: "Except as otherwise provided for by law... [t]he supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows: [f]or... disobeying an order for the payment of child support or spousal support or an

family court made a finding that Ms. Gordon willfully interfered with the stipulated judgment and awarded attorney's fees and costs to Mr. Parker in the amount of $3,793.55, to be paid in two installments. The family court also sentenced Ms. Gordon to 60 days in the parish prison for contempt, but allowed her to purge herself of the of the contempt of court finding if she paid the attorney's fees and costs award to Mr. Parker.

A trial court is vested with great discretion in determining whether a party should be held in contempt, and its decision will only be reversed when the appellate court discerns an abuse of that discretion. *Rogers v. Dickens*, 2006-0898 (La. App. 1 Cir. 2/9/07), 959 So.2d 940, 945. While it is true that the trial court's ultimate decision to hold a party or attorney in contempt of court is subject to review under the abuse of discretion standard, the trial court's predicate factual determinations are reviewed under the manifest error standard in the case of a civil contempt.[9] *Boyd v. Boyd*, 2010-1369 (La. App. 1 Cir. 2/11/11), 57 So.3d 1169, 1178.

We agree with the family court that Ms. Gordon willfully interfered with Mr. Parker's visitation rights contained in the stipulated judgment. The record is perfectly clear on that point. When Ms. Gordon filed her original petition to intervene, she voluntarily subjected herself to the jurisdiction of the family court, thereby becoming a party in the litigation between Mr. Parker and Ms. Finch. The family court orally directed Ms. Gordon in open court not to interfere with the parents' custody agreement, and custody was a primary issue in Ms. Gordon's petition to intervene. We therefore find the family court was within its discretion

---

order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both."

[9] A contempt proceeding incidental to a civil action is considered to be a civil matter if its purpose is to force compliance with a court order. In other words, a conditional penalty, which compels the party to comply with the court's order to end the penalty, is a civil one. *Rogers v. Dickens*, 2006-0898 (La. App. 1 Cir. 2/9/07), 959 So.2d 940, 947.

12

to hold Ms. Gordon in contempt, and that the family court's factual findings in connection with its contempt ruling were not manifestly erroneous.

At the July 30, 2019 hearing, Mr. Parker filed into evidence an itemized list of attorney's fees and costs associated with the motion and rule for sanctions in enforcing the family court's custody orders. The evidence was in conformity with Mr. Parker's allegation in his motion and rule for contempt that, beginning on March 15, 2019, he had incurred attorney's fees and costs associated with Ms. Gordon's intentional interference with his visitation rights with REP.

Attorney's fees are generally not recoverable unless provided by statute or contract. *In re Marriage of Blanch*, 2010-1686 (La. App. 4 Cir. 9/28/11), 76 So.3d 557, 565, writ denied, 2011-2388 (La. 11/18/11), 75 So.3d 460. Louisiana Revised Statutes, 13:4611 provides: "The court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this section." The family court was therefore authorized to award attorney fees to Mr. Parker pursuant to statute.

## DECREE

The portion of the August 27, 2019 judgment of the Family Court in and for the Parish of East Baton Rouge sustaining the peremptory exception raising the objection of no right of action is reversed. The portion of the judgment sustaining the dilatory exceptions is amended to provide the intervener-appellant 30 days to amend her petition to intervene for the purpose of curing the improper cumulation of actions, and affirmed as amended. The portion of the judgment finding a constructive civil contempt of court is affirmed. This matter is remanded for further proceedings consistent with this opinion. All costs of the instant appeal are assessed equally between the intervener-appellant, Paula Antonia Gordon and the defendant-appellee, Leslie Nelson Parker.

13

**REVERSED IN PART; AMENDED AND AFFIRMED IN PART AS AMENDED; REMANDED FOR FURTHER PROCEEDINGS.**